IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| **GUY A. REAM, UEP/FLDS,** | : | Civil No. 2:09-cv-00856 |
| Plaintiffs, | : | |
| | | **REPORT & RECOMMENDATION** |
| vs. | : | |
| | | **JUDGE CLARK WADDOUPS** |
| **DENISE LINDBERG, MARK SURTLIFF [sic], BRUCE WISAN and STATE OF UTAH,** | : | **MAGISTRATE JUDGE BROOKE C. WELLS** |
| Defendants. | | |

Plaintiffs UEP, FLDS,[1] and Guy A. Ream acting *pro se* filed this action alleging violations of 42 U.S.C. § 1985.  As stated in the complaint, Plaintiff Ream alleges that "the State Judiciary Denise P. Lindberg has permitted violation of all applicable Constitutional and Human Rights To obtain Ficticious [sic] Restatement of 1942 Trust Declairation [sic]."[2]  Mr. Ream ultimately seeks a tax exempt status for the UEP Trust

---

[1] An individual has a right to proceed in federal court either personally, pro se, or through representation by counsel.  <u>Jones v Niagara Frontier Transp. Authority</u>, 722 F.2d 20, 22 (2d Cir. 1983)(citing, 28 U.S.C. §1654 (1976)).  A corporation, however, "which is an artificial entity that can only act through agents, cannot proceed *pro se.*" <u>Bell v. South Bay European Corp.</u>, 486 F. Supp 257, 259 (S.D.N.Y. 2007)(citing, <u>Shapiro, Bernstein & Co. v. Continental Record Co.</u>, 386 F.2d 426, 427 (2d Cir. 1967)).

[2] Complaint, at pg. 3.  Docket No. 3.

Estate, and $10,000,000.00 in damages to compensate property loss, mental anguish and emotional distress.[3]  Because this court is barred from exercising jurisdiction over a case in which there may be ongoing state proceedings[4] the court recommends that Mr. Ream's complaint be dismissed.  Additionally, the Eleventh Amendment bars suit against any defendants acting in their official capacities.

Pursuant to 28 U.S.C. § 1915, the court granted Mr. Ream's motion to proceed without the payment of fees, *in forma pauperis*.[5]  The provisions of § 1915 state that the court "shall dismiss the case at any time if the court determines that— (B) the action or appeal— (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[6]  Based thereupon, the court concludes that Mr. Ream's Complaint[7] fails to state a claim upon which relief may be granted, and it seeks relief against defendants who are immune from suit.

A review of Mr. Ream's complaint reveals that his allegations arise from state court proceedings that are currently ongoing.[8]  Mr. Ream clearly indicates that the

---

[3] Complaint, pg. 6-7.  Docket No. 3.

[4] <u>Younger v Harris</u>, 401 U.S. 37 (1971).

[5] Docket No. 2.

[6] 28 U.S.C. 1915(e)(2) (2006).

[7] Docket No. 3.

[8] Complaint, pg. 5-6.  Docket No. 3.

issues surrounding his claim involve a "pending lawsuit"[9] in which the state court has not yet issued a ruling.  This court does not have jurisdiction over a case in which there is an ongoing state action.[10]  Additionally, state officials sued for damages in their official capacities are not considered "persons" within the meaning of section 1983 because they assume the identity of the government that employs them.[11] Thus, those causes of action brought against defendant Denise Lindberg and defendant Mark Shurtliff [sic] in their official capacities also fail because the Eleventh Amendment bars suit against such individuals in federal court.[12]

DATED this 10th day of November, 2009.

BY THE COURT:

_____
Brooke C. Wells
United States Magistrate Judge

---

[9] In turn, even if the court somehow determined that the state action was in fact not pending, under the *Rooker-Feldman* doctrine, the federal court does not have the power to reverse or modify state court judgments nor can it hear an appeal from a judgment rendered by a state court.  See, Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923); Bolden v. City of Topeka, 441 F.3d 1129, 1139 (10th Cir. 2006).

[10] Younger v Harris, 401 U.S. 37 (1971).

[11] See, Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

[12] See, Kentucky v Graham, 473 U.S. 159, 167 n. 14 (1985); Alabama v Pugh, 438 U.S. 781, 782 (1978); Edelman v Jordan, 415 U.S. 651, 662-63 (1974).